## PERRY v. SMITH.

No. 18416.   Opinion Filed June 26, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

1. **Courts—Appeals in Probate Matters— Trial De Novo in District Court—Injection of New Issues not Permitted.**

In the trial of appeals from the county court in probate matters, while the cause is tried de novo in the district court, it has only the power to render such judgment or to make such orders as the county court should have made. In the trial de novo, the

issues remain the same as in the county court, and amendments which inject new issues on appeal should not be allowed.

**2. Same—Guardian and Ward—Final Report of Guardian—Issues not Changed by Filing Amended Final Report.**

On appeal in the district court, the filing of an amended account in lieu of former reports filed in the county court is not a change of the issues, but is the filing of a new pleading pertaining to the same matters which presents more clearly a guardian's account with his ward.

**3. Same—Guardian's Report Filed in County Court Admissible in Trial on Appeal.**

The guardian's reports filed in the county court may be admitted as evidence in the trial of the case on appeal, not only for the purpose of establishing any fact therein set forth, but also for the purpose of impeaching any fact set forth in the substituted and amended final report.

Error from District Court, Osage County; Jesse J. Worten, Judge.

In the matter of guardianship of Cora Revard Miller, now Perry. From adverse judgment in final accounting, the guardian, A. J. Smith, appealed from county court to district court, where judgment was in favor of guardian, and Cora Revard Perry brings error. Reversed and remanded, with directions.

Chas. B. Rogers, for plaintiff in error.

Tillman, Tillman & Pierson, and Wilson & Duncan, for defendant in error.

HEFNER, J.    A. J. Smith, defendant in error, as guardian of Cora Revard Miller, now Perry, plaintiff in error, filed in the county court of Osage county his final and supplemental report as such guardian. The county court awarded judgment against the guardian and ordered him to account to his ward in the sum of $1,222. From this judgment the guardian appealed to the district court. After the case was set for trial in the district court, the guardian asked leave to file in lieu of all previous reports, a substituted amended final report. Objection was made to the filing of the same, but the court permitted the substituted report to be filed. Upon a hearing, the trial court found in favor of the guardian and that his report was correct which showed the guardian was indebted to the ward in the sum of $20.70. From that judgment, Cora Revard Perry has appealed to this court.

The plaintiff in error urges that the guar-

dian, while said cause was still pending in the county court, filed what is referred to as Exhibits E and F, the first being a final report and the second being a supplemental or amended final report. With the pleadings in this form, the county court heard the evidence and rendered its judgment. The plaintiff in error claims that the issue on appeal to the district court was upon the two reports adjudged and passed upon by the county court. Before proceeding to trial in the district court, the defendant was permitted to file the amended and substituted final report mentioned above. It is urged that the substituted final report changed the issues that had been tried before the county court and that the trial in the district court was upon an entirely different report and different issues.

In the trial of appeals from the county court in probate matters, while the cause is tried de novo in the district court, it has only the power to render such judgment or to make such orders as the county court should have made. In the exercise of such appellate jurisdiction, the issues remain the same as in the county court, and amendments which inject new issues on appeal should not be allowed.

The guardian's final report is a pleading which necessarily raises the issue of the condition of the guardian's account with his ward. The issue is the correctness of the account. The guardian should be charged with every item of receipt and every item of expenditure and should be required to reveal every source of the estate's income. In fact, the issue is an accounting between the guardian and his ward. Since this was the issue, the filing of the amended final account in lieu of the former reports was not a change of the issues, but was the filing of a new pleading pertaining to the same matter which presented more clearly the guardian's account with his ward.

It is urged that the district court had no jurisdiction to hear the amended report because the terms of section 3 of the Act of Congress of April 18, 1912, provided that copies of all papers and proceedings had in the county court in such matters should be served upon the Osage Indian Agent.

The superintendent was present at the trial by his attorney, and no objection to the jurisdiction of the court was made because no copies of any papers had been served on the superintendent. When the cause went to trial with the representatives of the superintendent present without any

objections being made, the question of notice was waived.

The plaintiff in error urges that the court committed error of law at the trial in refusing to permit the introduction as a part of the evidence in said cause of the prior reports, final and supplemental, filed by the guardian in the county court in 1921 and 1923, respectively, and referred to herein as Exhibits E and F. It seems to us that the former reports filed by the guardian were competent evidence for the purpose of establishing any fact therein set forth and to contradict any parol evidence that may have been admitted or to contradict any statement in the final report as filed on which the parties went to trial. The trial court committed error when it refused to admit these reports in evidence, and for this reason, the case must be reversed, with directions to grant the plaintiff in error a new trial.

Reversed and remanded.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. p. 1024, §443.