## SWAIN, Judge, et al. v. SWAN, Judge.

No. 19595. Opinion Filed May 13, 1930.

Rehearing Denied Dec. 23, 1930.

G. R. Horner, Robt. R. Smith, and Sid White, for relators.

Carroll & Whipple, for respondent.

CLARK, J. This is an original action filed in this court on July 24, 1928, by Orlando Swain, judge of the county court of Okmulgee county, Okla., and C. W. Roodhouse, as guardian, relators, seeking a writ of certiorari and prohibition against respondent, J. H. Swan, superior judge of Okmulgee county, Okla. This cause was begun in the county court of Okmulgee county by the filing of a petition in said county court seeking to have Hanna Anderson declared an incompetent, and a guardian appointed for the person and estate of said Hanna Anderson. The cause came on for hearing before the county court on motion to quash service of summons on the said Hanna Anderson, which motion was by the county court overruled. In which action of the county court the said Hanna Anderson, by her attorneys, appealed to the superior court of Okmulgee county. Thereafter, the superior judge at a hearing quashed said service of summons and reversed the order and judgment of the trial court.

It is contended by the relators that an appeal will not lie from an order of the county court refusing to quash service of summons, and that the superior court was without jurisdiction to hear and determine said appeal. Section 1410, C. O. S. 1921, provides:

"An appeal may be taken to the district court from a judgment, decree, or order of the county court: First. Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship."

This clearly gives the right of appeal from the granting or refusing letters of guardianship. The right of appeal being a statutory right, and the order appealed from, neither granting nor refusing letters of guardianship, was not an appealable order, and the superior court exceeded its jurisdiction in attempting to hear and determine on appeal a motion to quash service of notice or summons on the alleged incompetent. Said proceeding being beyond the jurisdiction of the superior court, the same is vacated and held for naught.

Thereafter, a hearing was had in the county court and C. W. Roodhouse was appointed guardian of the said Hanna Anderson. Thereafter, on July 23, 1928, the superior court of Okmulgee county issued an alternative writ of prohibition prohibiting and restraining the county judge from taking any further proceeding in probate matter No. 2850, except such as necessary to admit said Hanna Anderson to perfect her appeal. Section 10, article 7, Constitution of Oklahoma, gives the district courts or any judge thereof power to issue writs of prohibition or other writs, remedial or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees.

The statute gave the superior court of Okmulgee county appellate jurisdiction in probate matters, and, if it is conceded it has the same jurisdiction as district courts, it did not have supervisory control of the county court in probate matters and was

without jurisdiction to issue a writ of prohibition to the county court, except when necessary or proper to carry into effect its orders, judgments, or decrees. Said writ of prohibition is vacated and held for naught.

Thereafter, Hanna Anderson, through her attorneys, appealed from the judgment of the county court adjudging her an incompetent, and from the appointment of C. W. Roodhouse, as guardian, to the superior court of Okmulgee county. This cause was lodged in the superior court and is designated in the superior court as appeal No. 2968. This cause is properly before the superior court for determination. Thereafter, the superior court of Okmulgee county issued its writ to the judge of the county court of Okmulgee county and C. W. Roodhouse, as guardian, commanding and enjoining the said county judge "to desist and refrain from any further proceedings in said probate matter No. 2850, and from in any manner, by virtue of the proceedings heretofore had in said probate matter No. 2850, undertaking to act or assuming to act touching and concerning the person and estate of said Hanna Anderson, all pending the determination of said appeal and the further order of this court."

It is contended by respondents that this was intended as a writ of supersedeas, superseding the judgment of the county court pending the appeal of Hanna Anderson from the order appointing a guardian of her person and estate. Relators contend the superior court is without jurisdiction to issue this writ and should be prohibited from enforcing the same. Relators contend section 1430, C. O. S. 1921, recognizes the right of the guardian to act for an incompetent pending determination of the appointment on appeal.

The only case cited by either party directly in point is the case of Coburn v. Hynes, 120 Pac. 26, wherein the Supreme Court of California, in the first syllabus, says:

"A guardian of an incompetent person is properly prevented by writ of supersedeas from assuming the functions of his office pending an appeal from the order appointing him, notwithstanding Code Civil Procedure, 966, which provides that when an order appointing a guardian is reversed for error, but not for want of jurisdiction, all lawful actions performed by the guardian are valid."

We are of the opinion that the superior court was acting within its jurisdiction in issuing the writ of supersedeas to prevent the guardian from acting for the alleged incompetent pending the appeal. The alternative writ in regard to this order was vacated and the application is denied. We will not pass on the question raised as to whether or not the service on Hanna Anderson was valid. That is now pending before the superior court for determination by that court, and may be appealed to this court if the aggrieved party so desires. Believing that the views herein expressed will be accepted by relators and respondents in this matter, the writs as prayed for will not formally issue.

LESTER, V. C. J., and HUNT, RILEY, and SWINDALL, JJ., concur. MASON, C. J., and HEFNER, CULLISON and ANDREWS, JJ., absent.