ANDERSON v. PECK et al. (United States, on behalf of Anderson, Intervener).

No. 562.

District Court, N. D. Oklahoma.

Nov. 7, 1931.

Merrick A. Whipple, of Tulsa, Okl., and F. M. Goodwin, of Washington, D. C., for complainant.

G. R. Horner, of Okmulgee, Okl., for defendant C. W. Roodhouse.

Stone, Moon & Stewart, Reynolds & Williams, and D. H. Linebaugh, all of Muskogee, Okl., for defendant Jack Roberts.

Jno. M. Goldesberry, U. S. Dist. Atty., and A. E. Williams, Asst. U. S. Dist. Atty., both of Tulsa, Okl., for the United States.

KENNAMER, District Judge.

Hanna Anderson, a citizen and resident of the state of Arkansas, instituted this action to quiet title to certain restricted Indian lands, which she alleges she inherited from one Lena Yahola Alexander, a deceased full-blood member of the Creek Tribe of Indians. The defendants, all of whom are citizens and residents of the state of Oklahoma, are persons claiming to inherit the estate of the deceased allottee, attorneys having contracts for the recovery of the estate for the defendant claimants, and one C. W. Roodhouse, as guardian of the complainant. The bill of complainant alleges and the evidence establishes that the complainant is a full-blood Creek Indian, and is the daughter of the deceased allottee. The defendant Beenie Henehochee claimed to be the surviving spouse of the deceased, but as he made default, a decree pro confesso has been entered against him and his attorney, a defendant herein. The evidence establishes that the defendant Jack Roberts, who

claimed to be an illegitimate child of the deceased allottee; an heir, is without standing as such. The complainant is the sole heir of the deceased allottee. The county court of Okmulgee county, Okl., by virtue of proceedings had in that court, purported to appoint the defendant Roodhouse as guardian of the complainant, and to appoint the defendant G. R. Horner as his attorney. After this action was instituted, the United States intervened herein, by filing appropriate pleadings, charging that the complainant was the sole heir of the deceased, and seeking similar relief to that sought by the complainant.

■ The United States properly intervened because the subject-matter of the action involved the title to restricted lands allotted to a member of the Creek Tribe of Indians.

The defendants urge that there is a want of jurisdiction in this court to try the cause, because of proceedings had in the county court of Okmulgee county. Those proceedings consist of a determination of the heirship of Lena Yahola Alexander, deceased. In the proceedings the defendant Jack Roberts was decreed to be an heir of the deceased allottee. It is contended the proceedings in the county court of Okmulgee county were regular, and that court alone has jurisdiction to determine the heirship of a deceased full-blood Indian. The evidence presented on the trial of this cause conclusively shows that Jack Roberts is not an heir of the deceased allottee, but that his mother and complainant's mother were not the same.

■ Before discussing the decided cases and the Acts of Congress pertinent to a determination of the cause, a brief résumé of the proceedings had in the county court of Okmulgee county is important. An action was instituted in that court on February 8, 1928, by John Freeman, Jr., having as its purpose the adjudication of the complainant, herein, Hanna Anderson, as mentally incompetent, and for the appointment of a guardian for her person and estate. On the same day, upon proper order of the court, a citation was issued, running to the state of Oklahoma rather than to the person sought to be adjudged incompetent. (C. O. S. 1921, § 1401.) Thereafter, and on the 17th day of February, 1928, an alias citation was issued which ran to the state of Oklahoma rather than to the person against whom the proceedings had been instituted. Other citations were issued, but they are not of im-portance in the consideration of this case. A motion to quash service of the citation was interposed by Hanna Anderson, but the same was overruled by the county court. An appeal was taken to the superior court of Okmulgee county from the order overruling the motion, but that proceeding was invalid. See Swain v. Swan, 147 Okl. 33, 294 P. 153. The county court proceeded to hear the matter, and the hearing resulted in the appointment of the defendant Roodhouse as guardian, and the appointment of the defendant Horner as his attorney. An appeal was taken to the superior court of Okmulgee county from the order appointing the guardian, and a supersedeas bond filed, resulting in the entering of an order superseding the appointment of the guardian. The order appointing a guardian for Hanna Anderson was a nullity for failure to comply with the statute in serving notice upon the alleged incompetent. A careful examination of the proceedings for the appointment of a guardian for Hanna Anderson in Okmulgee county discloses numerous irregularities, but the requirement of the statute as to notice to the alleged incompetent is jurisdictional, and the failure to comply with the statute in this respect is fatal to such proceedings. Martin v. O'Reilly, County Judge, 81 Okl. 261, 200 P. 687.

■ Pending the appeal, and while the order of appointment had been superseded, heirship proceedings were instituted in the county court of Okmulgee county, having as its object the determination of the heirs of the deceased allottee. These proceedings were instituted under the provisions of Compiled Oklahoma Statutes, 1921, § 1384, as well as the authority conferred upon county courts as probate courts of Oklahoma to determine heirs of deceased Indians by Act of Congress of June 14, 1918 (25 USCA §§ 355, 375). The Oklahoma statute (sec. 1386) requires the serving of a notice on the known heirs and record claimants of the decedent's estate in the manner and within the time provided for service of summons in civil actions in the District Court. Service on unknown heirs may be made in the manner for serving nonresident defendants in the district court, which is commonly known as substituted service, or service by publication. In the instant proceeding, service of notice was attempted to have been made upon complainant by serving the notice upon the defendant Roodhouse, as guardian of Hanna Anderson. As stated above, this purported service was attempted during the pendency

of the appeal and while the order appointing the guardian had been superseded. Such service was invalid and did not bring complainant before the county court of Okmulgee county, and any purported adjudication of heirship was not binding upon her. See Swain v. Swan, supra. It is unnecessary to further look into the regularity of the proceedings leading to the appointment of the guardian for Hanna Anderson, as that becomes material in this case only to determine the authority of defendant Roodhouse to accept service for and appear for Hanna Anderson in the heirship proceedings. As the authority of the guardian was superseded at the time that service was made upon him, and at the time he attempted to appear for her at the trial of the heirship matter, his acts are not binding upon the complainant, and the proceedings are of no effect in determining her rights, or in the denial of her rights as heir of the deceased allottee.

The defendants urge that Hanna Anderson appeared in the county court for the trial of the cause for the determination of the heirs of the deceased allottee. The evidence shows that when the cause came on for trial the complainant appeared by her attorney, Mr. Whipple, who tendered a pleading for filing in the proceedings, but such pleading was stricken and its filing denied. Mr. Whipple was further denied the right to appear for Hanna Anderson, unless he would appear with Mr. Horner, who had been appointed by the county court as attorney for the defendant Roodhouse, as guardian. The county court further denied complainant, Hanna Anderson, the right to appear in her own person, but limited her right to appear to the appearance of Roodhouse, whom he had appointed as guardian. It may here be observed that although Roodhouse had been appointed guardian by order of the county court, this same court appointed Mr. Roodhouse as guardian ad litem for Hanna Anderson for the purpose of the heirship proceedings. The cause was tried in this manner: Witnesses were produced for other claimants, but neither Mr. Horner nor Mr. Roodhouse had any witnesses who could testify and establish that Hanna Anderson was the sole heir of the deceased. In the trial of this cause numerous witnesses were produced establishing that fact, and proving that the defendant Jack Roberts was not an heir of the deceased allottee. The county court entered its order establishing Jack Roberts as an heir, from which order Mr. Roodhouse and Mr. Horner took

an appeal to the district court of Okmulgee county, while Hanna Anderson and R. B. Drake, a probate attorney, as next friend to Hanna Anderson, attempted to take an appeal from the order of the county court to the superior court of Okmulgee county. The latter appeal was refused by the county court, and the matter now stands appealed to the district court. It is urged that the judgment of the county court is binding and conclusive as to the question of fact as to the heirship of the deceased allottee, which would be sound if the proceedings for the determination of heirship had been regular, and all known heirs had been served as provided by the statutes of Oklahoma, and if the proceedings had become final.

■ The record shows that written notice of the pendency of the heirship proceedings were not served upon the superintendent for the Five Civilized Tribes, and therefore, since the proceedings involved restricted heirs of a restricted member of the Five Civilized Tribes, that the United States was not bound by the proceedings had in the county court. Act of Congress, April 12, 1926, 44 Stat. pt. 2, p. 239, § 3. As the United States was not bound, it is free to proceed with this cause as no binding order or decree has been entered in Okmulgee county in so far as it is concerned. This court has jurisdiction to determine the matters presented by the bill in intervention of the United States, the allegations of which are similar to those of complainant's bill. This court likewise has jurisdiction to determine this cause upon the bill of complaint filed by Hanna Anderson, because of the diversity of the citizenship of the parties hereto, as well as the subject-matter of the action.

■ I am of the opinion that the judgment and decree of the county court of Okmulgee county purporting to determine the heirship of the deceased allottee is not binding upon complainant, for want of notice, as required by the statutes of Oklahoma, as well as because of the manner in which the said Hanna Anderson was denied the right to participate in those proceedings. Hanna Anderson was denied the right to appear in her own person and present her claim as the only heir of the deceased allottee. It is plain from an examination of the heirship proceedings in Okmulgee county that the court imposed upon Hanna Anderson the restriction that she could only be heard in said proceedings through her guardian, whose appointment had been superseded and

260

the order of appointment, as disclosed by the proceedings, to be a nullity. See United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914.

 Even if the proceedings for the determination of heirship had been regularly conducted, and the statutory notice had been served upon Hanna Anderson as a known heir, still this court would have jurisdiction of this cause, because it is an action to quiet title to land, which is the subject of equity jurisdiction. See Harrison v. Moncravie (C. C. A.) 264 F. 776; Arrowsmith v. Gleason, 129 U. S. 86, 9 S. Ct. 237, 32 L. Ed. 630; Twist et al. v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297. A proceeding to determine heirship under the statutes above cited does not try and determine title; it merely establishes the fact as to the heirship. Homer v. Lester, 95 Okl. 284, 219 P. 392; In re Jackson's Estate, 117 Okl. 151, 245 P. 874. The federal District Courts have jurisdiction to ascertain who are the restricted heirs of restricted full-blood Indians, and the Act of Congress of June 14, 1918, supra, did not repeal or terminate that jurisdiction. The above Act of Congress vested concurrent jurisdiction in the probate courts of Oklahoma with the jurisdiction vested in the federal District Courts for such determination. McDougal v. Black Panther Oil & Gas Co. (C. C. A.) 273 F. 113. The power to quiet title vested in the federal District Courts has not been terminated by the above Act of Congress, and a determination of heirship by a county court, if regular and valid, cannot deprive a district court of jurisdiction to determine such questions. If the determination of the question of title involves as an incident to such determination the question of heirship, that fact may be ascertained by the district court, unless the question has been properly adjudicated by some other tribunal vested with such power, as an adjudication binding upon all of the parties to the quieting of title action.

The contention that the United States was bound by the heirship proceedings by reason of the presence of the United States probate attorney is untenable. The record shows that neither Mr. Drake nor Mr. Deichman were authorized to appear in the heirship proceedings by the United States. The notice required by Act of Congress approved April 12, 1926, 44 Stat. pt. 2, p. 239, § 3, was not served upon the superintendent for the Five Civilized Tribes, and there was no attempt to make the United States a party to the proceedings. Hanna Anderson appeared and testified in the trial of this cause. She is above the average member of her tribe in intelligence, and it is quite clear from the evidence introduced that it is only the substantial value of her estate that has developed considerable controversy among various attorneys as who should represent her or her guardian. The only protection she needs is the restrictions upon her property imposed by Congress. Such protection as she needs may be adequately enforced through the proper administration of the Acts of Congress applicable to her estate by the superintendent for the Five Civilized Tribes.

Decree may be entered for the complainant, Hanna Anderson, adjudging her to be the sole heir of the deceased allottee, Lena Yahola Alexander, and quieting her title to the allotted lands of the deceased as against the claims of the defendants.