**NELSON v. HUCKINS et al.**

No. 27560.    May 31, 1938.

Rehearing Denied Sept. 13, 1938.

C. F. Green, for plaintiff in error.

J. F. McKeel, for defendants in error.

CORN, J. Minnie Nelson, hereinafter referred to as plaintiff, filed an application in the county court of Pontotoc county for an order directing Maurice Huckins, administrator of the estate of J. H. Huckins, deceased, hereinafter referred to as defendant, to pay a judgment against said estate out of certain funds in his hands. The county court directed that the judgment be paid, and the administrator appealed to the district court of Pontotoc county, where the judgment of the county court was reversed and the funds were ordered distributed to the heirs of the deceased. From said judgment plaintiff has appealed.

J. H. Huckins died on January 10, 1931. An administrator was appointed, and after completion of the administration of the estate, the administrator was discharged. March 25, 1931, plaintiff filed a suit against the estate of J. H. Huckins and procured a judgment upon which there is an unpaid balance of $475.61. January 21, 1931, Annie E. Huckins, who lived in Minnesota, made her will by which she bequeathed a portion of her estate to J. H. Huckins. She died and her will was admitted to probate in Rice county, Minn., on August 2, 1932. February 5, 1935, Maurice Huckins, a son of J. H. Huckins, was appointed special administrator of the estate of J. H. Huckins, deceased, and in such capacity received from the Minnesota administrator the sum of $1,267.31 in cash. Thereafter plaintiff filed her application in the county court of Pontotoc county for an order directing the administrator to pay her judgment out of the funds so received. The administrator filed a response to the application wherein it was alleged that said funds were held by him as trustee for the heirs of J. H. Huckins, deceased; it was further alleged that the judgment had been paid. By way of reply, plaintiff filed a general denial. A hearing was had before the county court and evidence was introduced regarding the issue of payment. The court found that the judgment had not been paid and directed that it be paid out of the funds in the hands of the administrator. An appeal was prosecuted to the district court of Pontotoc county by the administrator, and after a hearing in said court the order of the county court was affirmed. A motion for a new trial was filed and overruled. A motion to vacate the order overruling the motion for new trial was filed by the administrator on the ground that the funds in

his hands were not held for the estate of J. H. Huckins, deceased, but were trust funds held by him as trustee for the heirs of J. H. Huckins, deceased. A motion was also filed by Hester D. Kerr, one of the heirs of J. H. Huckins, deceased, in her own behalf and for the benefit of the other heirs of said deceased, wherein she sought the vacation of the order overruling the motion for a new trial, alleging substantially the same grounds alleged in the motion of the administrator. Thereafter the trial court set aside its order overruling the motion for new trial and granted a new trial.

Pursuant to leave granted, the various heirs of J. H. Huckins, deceased, filed a petition in intervention in the district court wherein it was alleged that the funds involved herein were the funds of said heirs and were not the property of the estate of J. H. Huckins, deceased. A motion to strike the plea in intervention was overruled. Another hearing was had in the district court. At the conclusion thereof, the court, after reciting the facts hereinabove outlined, concluded as follows:

"The court finds, as a matter of law, that the estate of J. H. Huckins did not take the funds bequeathed to J. H. Huckins in the will of Annie E. Huckins, but that his heirs took and were the actual devisees at the time of the death of Annie E. Huckins and that the county court erred in ordering distribution of these funds to pay this judgment.

"The cause will be remanded to the county court with directions to proceed in accordance with this judgment; that is to say, that distribution should be made to the heirs of J. H. Huckins. To which judgment, the judgment creditor excepts and exceptions are allowed."

From a judgment entered pursuant to the findings of the court, plaintiff has appealed. The sole issue presented on appeal is procedural in nature. The proposition is stated in plaintiff's brief, as follows:

"That the county court has original and exclusive jurisdiction in all probate matters, and the district court, on appeal therefrom, acquires only appellate jurisdiction; that said cause, on appeal to the district court, is to be tried de novo, but is restricted to the hearing of only such issues as were presented, tried, and determined by the probate court."

Plaintiff's proposition, as a matter of law, is amply supported by the authorities. See Parker v. Lewis, 45 Okla. 807, 147 P. 310; In re Talomase's Estate, 98 Okla. 212, 225 P. 156; Smith v. Bruner's Guardianship, 111 Okla. 93, 238 P. 448; Perry v. Smith, 132 Okla. 181, 269 P. 1074; In re Cary's Estate, 177 Okla. 259, 58 P.2d 533. Plaintiff's theory is that the only issue presented to the county court was the issue of payment of her judgment and that a new and different issue was injected into the cause while the same was pending in the district court, that is, that the funds involved were not the funds of the estate.

Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. Such issues are of two kinds: (1) of law; and (2) of fact. General Electric Co. v. Sapulpa & I. R. Co., 49 Okla. 376, 153 P. 189. Maurice Huckins, administrator of the estate of J. H. Huckins, specifically alleged in his response to the application of plaintiff for an order directing payment of her judgment, which response was filed in the county court, that the funds held by him were held as trustee for the heirs of J. H. Huckins and were not a part of the estate of J. H. Huckins, deceased. To his response plaintiff filed a reply which was in the nature of a general denial. It therefore appears that the issue was drawn in the county court. The issue was one of law, and was erroneously determined by the county court. On appeal the district court was vested with authority to enter such judgment or make such order as the county court should have made. Perry v. Smith, supra. It therefore appears that the district court did not exceed its authority or jurisdiction.

It is urged that the trial court erred in permitting the filing of the plea in intervention. We find it unnecessary to determine the question. The trial court stated orally in announcing his findings and judgment that he did not consider the plea in intervention. As heretofore pointed out, the determinative issue was made by the pleadings filed in the county court. The plea in intervention may be treated as surplusage. We find no error in the conclusion of the trial court.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON and HURST, JJ., concur. OSBORN, C. J., and DAVISON, J., absent.