**B. Earle COLE, Plaintiff in Error,**

v.

**Sibyl Cole BURT et al., Defendants in Error.**

**No. 38602.**

Supreme Court of Oklahoma.

March 1, 1960.

Oden & Oden, Altus, for plaintiff in error.

Harbison & Whiteside, Altus, for defendants in error.

BLACKBIRD, Justice.

This appeal is from a judgment of the district court dismissing an appeal from a previous order of the county court In the Matter of the Guardianship of Maude Cole, an incompetent.

As early as July, 1951, the incompetent was under the guardianship of W. J. Ivester. When the incompetent's father, Charles W. Cole, died, he left as surviving heirs besides her, her brother B. Earle Cole, and the defendants in error, who are the sisters and another brother of the incompetent.

In his will, the father expressed a desire that B. Earle Cole be appointed the incompetent's guardian. Accordingly, a few days after the then guardian, Ivester, filed his resignation and final account in said incompetent's county court guardianship proceedings, the said Earle Cole filed in said proceedings an application setting forth the testator father's desire, mentioning the fact that Ivester's final account was set for hearing on August 27, 1957, and asking, among other things, that he (Cole) be appointed Ivester's successor as the incompetent's guardian.

Ivester's final account was approved and his resignation accepted on the scheduled date, and, on the same date, the defendants in error filed a pleading in the guardianship proceedings objecting to their brother Earle's appointment, alleging that it would be to the incompetent's best interest that someone other than a member of the family be appointed, and praying that brother Earle's application be denied, and that, instead of him, an Altus attorney named Ross Rutherford be appointed the incompetent sister's guardian.

At a hearing held August 29, 1957, on the above-mentioned pleading, together

with a reply filed that day by the applicant Earle Cole, the county judge entered his order denying Cole's application, and appointing the said Ross Rutherford as the incompetent's successor guardian. The only ground, set forth in the order, for said court's denial of Earl Cole's application was the finding that " * * * it is and will be * * * " to the incompetent's best interest that a person other than a member of the family be appointed.

Within ten days after entry of the aforesaid order, the applicant Earle Cole, hereinafter usually referred to as appellant, filed his notice and bond for appealing to the district court, alleging, among other grounds therefor, that the county court's order was both contrary to law and not supported by the evidence.

In the meantime, Ross Rutherford had fully qualified and assumed his duties as the incompetent's guardian, and continued to act as such for the first fifteen months (approximately) that the appeal was pending, untried, in the district court. During that time, he was elected to a term of public office, beginning in January, 1959, and consequently tendered and filed in the county court guardianship proceedings, soon after his election, his resignation as the incompetent's guardian. After this became known to the defendants in error, hereinafter referred to as appellees, they filed a motion to dismiss their brother Earle's appeal to the district court. Other than the "First" alleged ground therefor— later ordered stricken therefrom on said appellant's request—the only ground alleged for said motion was that the "purported appeal" had become "moot" on account of Rutherford's pending resignation and the pendency in the county court of an application filed by the appellees for the appointment of one Benjamin J. Byrd, as Rutherford's successor.

After a hearing on this motion, and the Response filed by appellant, wherein he admitted the described facts set forth in appellees' motion, but denied that they rendered the appeal, or the issues involved therein, moot, the district court entered its judgment sustaining appellees' motion to dismiss. This is the judgment from which appellant has perfected the present appeal.

To show error, and cause for reversal, in the judgment appealed from, appellant urges that he had a right, under Title 58 O.S.1951 §§ 721 and 725, to appeal from the county court's order and have a trial de novo in the district court of both questions of law and fact involved; that Rutherford's resignation could in no way affect this right; and that this right's denial by the latter court's judgment of dismissal deprived him of constitutional rights guaranteed him by Art. VII, sec. 16, of the Oklahoma Constitution, and by the due process provision of the U. S. Constitution (Art. XIV, sec. 1).

In his Proposition V, appellant further asserts that, when Rutherford tendered his resignation as guardian, appellant's application for letters of guardianship was the only one on file in the guardianship proceedings, and appellant was entitled either to appointment or to a trial instanter of his right to the appointment. It is on the basis of this latter proposition (which appellant also urged at the district court hearing) that appellees argue that his appeal to that court became moot. In substance, they say that, if, as appellant argues, Rutherford's resignation left appellant without opposition for appointment as guardian, then the contest, or "adversary proceeding", no longer existed on appeal and it was then impossible for the district court to pass on the issues previously presented, and determined by the county court's order of August 29, 1957.

We do not agree with appellees' position. Without regard to whether appellant had a statutory right, and/or preference, as against Rutherford, or anyone else, and especially persons not related to the incompetent, to be appointed her guardian, either as a relative and/or as a testamentary nominee under Title 30 O.S.1951 § 12, paragraphs 4 and 2—which claimed right we do not herein determine (but notice Wallace v. Williams, 156 Cal.App.2d 646, 320 P.2d 211, and Ned v. Robinson, 181

Okl. 507, 74 P.2d 1156, certiorari denied 304 U.S. 550, 58 S.Ct. 1054, 82 L.Ed. 1522, rehearing denied 305 U.S. 669, 59 S.Ct. 58, 83 L.Ed. 434; Boylan v. Kohn, 172 Ala. 275, 55 So. 127, 129, Muse v. Muse, 76 Miss. 372, 24 So. 168, and other cases cited in the annotation beginning at 21 A.L.R. 2d 880, cited in McCartney v. Merchants & Planters Bank, 227 Ark. 80, 296 S.W.2d 407; Parker v. Lewis, 45 Okl. 807, 147 P. 310, 313, and In re Coburn, 165 Cal. 202, 131 P. 352; as to similar matters see In re Guardianship of Hight, 194 Okl. 214, 148 P.2d 475), we think that, under our statutes on probate appeals, appellant had a right to appeal to the district court and obtain a trial de novo and review there of that part of the county court's order determining that: " * * * it is and will be to the best interest of Maude Cole * * * that some person, other than a member of * * * (her) family , * * * be appointed as successor guardian * * * ". Of course that part of the order appointing Ross Rutherford pertains to a matter that is now moot, but appellees do not contend that said part is not separable, or divisible, from the part purporting to bar members of the incompetent's family from appointment, on the ground of said ward's best interest. The appellant, as a member of the ward's family, had a right to an appellate determination of whether or not that was a valid and subsisting ground (under facts to be presented to said court and the law applicable thereto) for refusing him the appointment.

Appellees cite Perry v. Smith, 132 Okl. 181, 269 P. 1074, for the rule that, in an appeal from the county court to the district court, the issues of the appeal remain the same as they were in the county court, and the district court has the power only to enter such judgment or order as the county court should have entered. Assuming that such a rule is applicable in a trial de novo, the county court's order in the present case purported to determine not only what Maude Cole's best interest was, but also what it " * * * will be * * * "; and it is not inconceivable that should the dis-

trict court appeal's dismissal stand, and the county court order become final, it would be urged as res judicata of appellant's claimed right to appointment in the future.

▇ We think the appellant's right to have the district court determine the merits of the issue of whether or not it would be for the best interest of the ward to appoint someone outside her family as her guardian, was a substantial statutory right that has never yet terminated, or expired, in the present case; and therefore cannot be considered moot. See Swain v. Swan, 147 Okl. 33, 294 P. 153. In the rule promulgated in McClelland v. Erwin, 16 Okl. 612, 86 P. 283, it is shown that in an appeal to this court claimed to be subject to dismissal as moot, same will not be dismissed "where any legal substantial right * * ". of the appellant, " * * * other than the question of costs, depends upon a decision of the case * * * ". Making that question the determining factor in appellees' appeal to the district court involved herein, it is obvious that said appeal should not have been dismissed. When the aforedescribed right is considered—rather than Ross Rutherford's resignation—it is also obvious that the cases appellees cite, involving public officers, do not apply here. Nor do we find that appellant has in any way foregone, or waived, a decision on the merits of that claimed right.

▇ In view of the foregoing, it is the opinion of this court that the district court erred in the judgment of dismissal appealed from herein. Said judgment is therefore hereby reversed; and this cause is remanded to said court with directions to reinstate the cause there, and proceed, in a manner consistent herewith, as if it had never been dismissed. In determining whether or not appellant's application, or petition, is to be upheld at the future trial of this controversy, the court should determine, from the evidence adduced, whether or not he is a fit and suitable person to serve as the incompetent's guardian. If it is determined that appellant's guardianship of the incompetent would not serve her best interests,

then the court's judgment should specifically show the basis of such determination.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.